UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABNER NEEL MORALES-TISTA, A-201-972-561,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-08284-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The petition, respondent's response, and respondent's exhibits are before the court. (ECF Nos. 1, 7, 8.) No further briefing is necessary. For the reasons set forth below, the petition should be granted and respondent should be ordered to immediately release petitioner from custody, subject to his pre-conclusion voluntary departure order.

**I. Background**

Petitioner is a citizen of Guatemala who has no criminal history and who was arrested by ICE on September 23, 2026, during a targeted enforcement operation in Newark, New Jersey. (ECF No. 7-1 at 1-2.) This was not petitioner's first encounter with immigration officials.

Previously, on April 30, 2019, U.S. Border Patrol encountered petitioner, issued him a Warrant of Arrest/Notice to Appear, and released him on an order of own recognizance. (Id. at 2; ECF No. 7 at 1.)

On October 19, 2026, during petitioner's present detention, an immigration judge (IJ) granted pre-conclusion voluntary departure (VD) to November 19, 2026. (ECF No. 7-2 at 3-6.) The VD set a $0 bond and warns of an alternate removal order to Guatemala and other consequences should petitioner fail to depart by November 19, 2026. (Id.)

In response to the petition, respondent states petitioner is detained pursuant to 8 U.S.C. § 1226(a) and notes VD does not extinguish the applicable custody-redetermination framework. (ECF No. 7 at 1.) Respondent argues the petition should be denied for lack of exhaustion, or, alternately, limited to a bond hearing. (Id. at 2.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was living in the United States when he was redetained by immigration officials on September 23, 2026, and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir.

2022).

Here, the record indicates petitioner was not served with a Notice of Custody Determination giving him notice or available review of his custody by an IJ until October 29, 2026, more than a month after he was redetained, and after an IJ granted VD requiring petitioner to voluntarily depart by November 19, 2026. (ECF No. 8 at 1.) Respondent acknowledges petitioner's VD does not extinguish his rights under 8 U.S.C. § 1226 as to his present detention. See also, e.g., Fuga v. Warden, California City Det. Facility, No. 2:26-CV-00654-JLT-SAB (HC), 2026 WL 1396685, at *4 (E.D. Cal. May 19, 2026) (finding an alternate order of removal in the form of voluntary departure is not administratively final until the time allowed for the filing of an appeal has expired). Petitioner has been detained in violation of the INA. To the extent petitioner had any administrative remedies available, prudential exhaustion should be waived because those remedies were "inadequate or not efficacious" in this case. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

In addition, as respondent acknowledges, petitioner was previously released into the United States by U.S. Border Patrol on an order of own recognizance. A non-citizen's prior release into the United States and time spent living in the United States can create a liberty interest in remaining out of custody. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention).

"The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention." See Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026). "Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Id.; see also Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four

years).

Under the present circumstances, due process required that petitioner receive an individualized hearing prior to his redetention. See, e.g., Caceres Rivas v. Warden, California City Det. Facility, No. 1:26-CV-6720-DC-JDP, 2026 WL 2676879, at *3 (E.D. Cal. Sept. 11, 2026), report and recommendation adopted sub nom. Caceres Rivas v. Warden, California City Det. Ctr., No. 1:26-CV-06720-DC-JDP (HC), 2026 WL 2754496 (E.D. Cal. Sept. 17, 2026). Respondent does not argue petitioner presents a danger to the community or a flight risk if released, and points to no reasons explaining why a pre-deprivation hearing could not be held. The court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release, subject to his pre-conclusion voluntary departure order.

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY subject to his voluntary departure order and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless petitioner receives seven (7) days' notice and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. Petitioner, who proceeds without counsel, be cautioned that his pre-conclusion voluntary departure order is not affected by any order adopting these findings and recommendations.
4. The court's order not address the circumstances under which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.
5. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mora8284.mer